## Denmark v. Miller

*Murray R. Garber,* for plaintiff.
*Thomas J. Bonavita,* for defendant.

WOLFE, *P.J.,* August 4, 1983—Defendants have filed six exceptions to our findings of fact and conclusions of law to the decree nisi of March 3, 1983.

Both cases primarily involve the same issues, to-wit, if the Glade Township Drilling Ordinance adopted February 15, 1982 and effective February 20, 1982 is constitutional and a valid exercise of the municipality's police powers or if the Ordinance is unconstitutional in the respect it deprives defendants of due process of law and the Commonwealth has preempt the regulation of the drilling and operation of oil and gas wells within the state.

Plaintiff argues the prohibition of the Ordinance of any well within 500 feet of a residence or place of public assembly is fundamentally a violation of his constitutional rights in that it deprives him of his property without due process of law and that, in effect, the Ordinance is an act of eminent domain rather than the proper exercise of a municipality's police power.

Police power controls the use of property by the owner, for the public good and eminent domain is the sovereign acquisition of private party for public use. Under eminent domain proceedings the owner must receive just compensation for the property taken, injured or destroyed while under the police power, being a matter of regulation of use of property, the owner is not entitled to any compensation notwithstanding there may be dimunation in utilizing the propety as if unbridled by the exercise of the police power regulation.

It is now well established a regulation promulgated under a proper exercise of police power is due process of law notwithstanding a property in whole

or in part is taken or destroyed. The right is not absolute, however, and the conditions on which the exercise of the power is predicated must actually exist or the happening is so likely that restraint is necessary as the court would consider a restraining order for irreparable injuries threatened to persons or property. The law also requires there be a reasonable and substantial relation between the thing acted on and the end to be attained, that is, that which promotes the health, safety and general welfare for the common good. Only when the subject matter is not a proper object of police power or if it is but the exercise thereof goes far beyond reasonable regulation it then becomes the judicial duty to declare the regulation invalid. Nolan v. Jones, 263 Pa. 124, 106 A.2d 235 (1919), White's Appeal, 287 Pa. 259, 134 A. 409 (1926).

The innate exercise of the police power historically has rested in the maxim "sic utere tuo ut alienum non laedas (so use your own that you do not injure that of another). Likewise, despite the individual's right to develop his property to the fullest value that right is modified by the historical maxim, "salus populi suprema lex est (the welfare of the people is the highest law)" "All private rights enjoyed by individuals as members of the public are subject to the paramount right of the state to modify them to conserve the public welfare under this maxim. 80 Fla. 98, 85 So. 346, 16 A.M. Jur. 2d Constitutional Law, Section 368. The courts have not set down exact perimeters the limitations of the exercise of the police power of the state or any municipality leaving to the courts to determine on each factual situation if the power in fact regulates or confiscates and if its existence is necessary for the fundamental protection of the health, safety and welfare of the public in any given situation.

"The term 'police power' connotes the time tested conceptional limit of public encroachment upon private interests, except for the substitution of the familiar standard of reasonableness the Supreme Court has generally refrained from announcing any specific criteria. Goldblatt v. Hempstead, 369 U.S. 590, 8 L.Ed. 2d 130, 82 S. Ct. 987."

In Commonwealth v. Zasloff, 338, Pa. 457, 13 A.2d 67 (1940) the court recognized that it has been stated by Federal and state courts a law which purports to be an exercise of the police power must not be arbitrary, unreasonable or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the object sought to be obtained.

"The legislature may not, under the guise of protecting the public interests, arbitrarily interfere with private business, or impose unusual or unnecessary restrictions upon lawful occupations. Lawton v. Steele,. 152 U.S. 133, Otis v. Parker, 187 U.S. 606 and Burns Baking Company v. Bryan, 246 U.S. 504".

In Pennsylvania R.R. Co. v. Ewin, 241 Pa. 581, 88 Atl 775 (1913), the court held the scope of judicial review of a police regulation is not to determine if the enactment is wise or unwise or whether it is based on sound economic theory but rather if the legislative discretion was properly exercised and if so within reason.

Neither the provisions of the Fourteenth Amendment prohibiting any state from depriving a person from life, liberty or property without due process of law or the denial of the equal protection of law does not operate as a limitation upon the police power to pass or enforce police power regulations as will enure to the health, general welfare and moral of

the people. 16 Am. Jr. 2d, Constitutional Law, Section 403, 404.

The ordinance under review makes no attempt to prohibit the drilling and operation of oil and gas wells. Its sole purpose is to regulate the location of the wells in relation to public safety and more definitively limits the operation of a well within 500 feet of a residence or place of public assembly. In our opinion this is a reasonable exercise of a valid police power considering the volatile nature and hazard of oil and gas wells.

Nor can we agree the state has preempted* exercise of the regulation of oil and gas wells.

As we observed in the opinion nisi the "Gas Operation Well-Drilling, Petroleum Coal Mining Act". 1955, November 30, P.L. 756 is restricted to the drilling of wells through coal seams. Our complete review of that act does not directly or inferentially make any attempt to regulate the on-surface use of an oil and gas well for the protection against fire hazards. The act limits its directive to sub-surface operations of casing through coal seams, plugging wells, pulling casing, filing of maps and data as to the location of the wells and operation of sub-surface storage facilities. We find no conflict of the enabling statute granted to second class townships to promulgate ordinances for the protection and safety of the citizens of the township.

Additionally, it is now settled that, notwithstanding the state has spoken on a matter of property regulations it does not follow a municipality is barred from likewise regulating the subject matter. In

---

* We prefer to use the term "exclusive jurisdiction" rather than preemption as we believe this to be more appropriate term.

Warren v. Philadelphia, 382, Pa. 380, 115 A.2d 218 (1955) the court stated:

"Indeed, even where both a state statute and a municipal ordinance have legislated as to the same subjects, if they be not in conflict both have been upheld. In Brazier v. Philadelphia 215, Pa. 297, 64 A. 508, a Philadelphia ordinance prohibiting operation of vehicles in the city without procurring a city license tag, was upheld despite state regulation applicable to the entire Commonwealth. We upheld the right of the City of Pittsburgh to regulate restaurants within its limits even though the state also regulated in regard thereto throughout the Commonwealth (Citations omitted)."

In the instant case there is no conflict of regulations between the Glade Township Ordinance and the Gas Operations Well Drilling Act upon which Plaintiff relies. Indeed, the ordinance is supplemental. In Commonwealth v. Barnhardt, 12 D. & C. 2d 1957, the court recognized the legislature may delegate to municipalities the power to regulate and control local matters even though the legislative fiat addresses a broader field of regulation. Warren v. Philadelphia, ibid.

Here, the ordinance is for a fire hazard protection of the residents of Glade Township in drilling operations. The Act of 1955, November 30, P.L. 756 is totally silent of this surface activity.

Nor can we find the ordinance under attack is one of eminent domain in disguise. Plaintiff has full use of his property for drilling purposes as the ordinance would limit the operation of a well within 500 feet of a residence or place of public assembly without a permit issued by the secretary of the township. Thus, there is no absolute restriction. At least by inference a permit may be issued if certain conditions are attached to protect the public's safety.

Finally, we do not agree the subject matter is under the jurisdiction and control of the Department of Environmental Resources. We find no regulation addressing the issue of fire hazard in the operation of oil and gas wells.

For these reasons we enter the following

## FINAL DECREE

And now, this August 4, 1983, the exceptions to the decree nisi are dismissed in toto and the clerk of the court is directed to enter the within decree as final judgment against plaintiff and in favor of defendants.